NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 10 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WORLDWIDE SUBSIDY GROUP, LLC, a Texas limited liability company, | No.    18-56033 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00013-AB-JC |
| v. | |
| FEDERATION INTERNATIONAL DE FOOTBALL ASSOCIATION, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted May 20, 2019**
San Francisco, California

Before:  BERZON, CHRISTEN, and NGUYEN, Circuit Judges.

Worldwide Subsidy Group, LLC ("Worldwide") alleges it previously

entered into a contract with Fédération Internationale de Football Association

("FIFA") to pursue copyright retransmission royalties on its behalf, and that FIFA

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

has breached that contract. FIFA insists no contract exists. After this panel reversed the district court's dismissal on jurisdictional grounds, a jury agreed with FIFA. Worldwide moved for judgment as a matter of law or, in the alternative, a new trial, relying on this court's previous disposition. The district court denied those motions. Worldwide now appeals the district court's denial of those motions, as well as its pre-trial denial of Worldwide's motion in limine to exclude evidence of its sole witness's prior criminal conviction. We affirm.

**1.** At trial Worldwide had the burden to prove that it had entered into a contract. *See, e.g.*, *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977). And this court has been clear that "[p]retrial rulings, often based on incomplete information, don't bind district judges for the remainder of the case." *Peralta v. Dillard,* 744 F.3d 1076, 1088 (9th Cir. 2014). Contrary to Worldwide's assertion, in contract cases like this one we do not employ the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Accordingly, FIFA was not, as Worldwide contended, required to prove the absence of a contract at trial due to our previous holding that Worldwide had "made a prima facie showing of an enforceable contract." *Worldwide Subsidy Grp., LLC v. Fed'n Internationale De Football Ass'n*, 675 F. App'x 682, 684 (9th Cir. 2017). Because Worldwide's argument is entirely premised on the burden-

shifting framework, it presents no persuasive argument for judgment as a matter of law or for a new trial.

**2.** In balancing the probative value of Worldwide's witness's prior conviction for mail fraud against that evidence's prejudicial effect, as required by Federal Rule of Evidence 609(b), the district court properly considered five relevant factors identified by this circuit. *See United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000). All five of these factors could reasonably be viewed as counseling for the conviction's admissibility, so the district court did not abuse its discretion in denying Worldwide's motion in limine.

**AFFIRMED.**